# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTOPHER KULB** | : | |
| | : | **CIVIL ACTION** |
| v. | : | No. 24-1390 |
| | : | |
| **CHEXSYSTEMS, INC.** | : | |

**McHUGH, J.**                                                                                            **April 8, 2025**

## MEMORANDUM

**I.     Relevant Background**

The Fair Credit Reporting Act (FCRA) requires consumer reporting agencies (CRAs) to adopt reasonable procedures to ensure that consumer credit reports are accurate.  If a consumer believes that their consumer credit file contains inaccurate information despite these procedures, they may file a dispute with the CRA, triggering a statutory duty to reinvestigate.

In this action, Plaintiff Christopher Kulb alleges that ChexSystems failed to comply with both of these FCRA requirements.  In the summer of 2020, Kulb applied three times for an Apple credit card, offered through Goldman Sachs.  ECF 21-2, 21-3, 21-4.  Each application was denied. *Id*.  Upon learning that Goldman Sachs uses ChexSystems to obtain consumer credit reports when reviewing credit applications, and after being advised to contact them, Mr. Kulb requested a copy of his consumer file from ChexSystems.  Kulb Dep. 85:13-86:22, ECF 19-3; Cables Decl. ¶ 16, ECF 21-6.  The consumer file he received indicated that he was deceased, and he lodged a dispute. Consumer File, ECF 21-5; Cables Decl. ¶ 18. Mr. Kulb subsequently sued, asserting that ChexSystems' procedures to ensure accuracy and its reinvestigation were insufficient under the FCRA.

ChexSystems now moves for summary judgment on all claims. Because multiple factual disputes exist, and because a reasonable jury could conclude that ChexSystems violated its FCRA duties, summary judgment must be denied.

## II.     Standard of Review

This Motion is governed by the well-established standard for summary judgment set forth in Federal Rule of Civil Procedure 56(a), as described by *Celotex Corporation v. Catrett*, 477 U.S. 317, 322-23 (1986).

## III.     Discussion

The "FCRA was prompted by 'congressional concern over abuses in the credit reporting industry.'" *Philbin v. Trans Union Corp.*, 101 F.3d 957, 962 (3d Cir. 1996) (quoting *Guimond v. Trans Union Credit Information Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995)). Its enactment recognized "the crucial role that consumer reporting agencies play in collecting and transmitting consumer credit information, and the detrimental effects inaccurate information can visit upon both the individual consumer and the nation's economy as a whole." *Id*.

The FCRA created guardrails designed to protect consumers, including a requirement that CRAs "adopt reasonable procedures." 15 U.S.C. § 1681(b). In particular, the FCRA contains two complementary provisions detailing the reasonable procedures CRAs must adopt – 15 U.S.C. § 1681e and 15 U.S.C. § 1681i. Both are at issue in this case. Under § 1681e, "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information." *Id*. § 1681e(b). Through § 1681i, CRAs must promptly reinvestigate "any item of information contained in a consumer's file" that a consumer disputes as incomplete or inaccurate. *Id.* § 1681i(a)(1)(A). To effectuate its purpose,

the FCRA provides a private right of action for both negligent and willful violations. *See id.* §§ 1681o, 1681n.

### A. Section 1681e(b).

Kulb asserts that ChexSystems violated 15 U.S.C. § 1681e(b) by negligently and willfully failing to maintain and follow reasonable procedures to ensure that information reported by ChexSystems to third parties was accurate. Am. Compl. ¶ 16, ECF 17. In particular, Kulb alleges that ChexSystems incorrectly listed him as deceased in reports sent to Goldman Sachs, leading to his denial of an Apple credit card. See Pl. Resp. at 1, 5, ECF 27.

The FCRA requires that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). Negligent noncompliance with FCRA § 1681e(b) consists of four elements: "(1) inaccurate information was included in a consumer's credit report; (2) the inaccuracy was due to defendant's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered injury; and (4) the consumer's injury was caused by the inclusion of the inaccurate entry." *Bibbs v. Trans Union LLC*, 43 F.4th 331, 342 (3d Cir. 2022) (citing *Cortez v. Trans Union, LLC*, 617 F.3d 688, 708 (3d Cir. 2010)). Willful violations additionally require that a defendant acted knowingly or with reckless disregard. *Seamans v. Temple Univ.*, 744 F.3d 853, 868 (3d Cir. 2014); *see also Bibbs*, 43 F.4th at 342 n.16.[1]

---

[1] For a FCRA claim sounding in negligent noncompliance, a consumer must prove actual damages. 15 U.S.C. § 1681o(a). If willful noncompliance can be proven, a plaintiff has the option to recover actual *or* statutory damages. *Id.* § 1681n(a)(1); *see Miller v. CoreStar Fin. Grp. of Pa., Inc*., No. 05-5133, 2006 WL 1876584, at *4 (E.D. Pa. June 29, 2006). But a plaintiff must always demonstrate a concrete injury and causation – foundational elements of standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

ChexSystems moves for summary judgment, asserting that it never reported Kulb as deceased in a report; that it used reasonable procedures; that Mr. Kulb was not injured; and that nothing on the record establishes that it acted willfully. The record here does not support such broad assertions.

First, there is a clear factual dispute as to whether ChexSystems reported Kulb as deceased in a consumer report. *Compare* Cables Decl. ¶ 14, ECF 21-6 ("ChexSystems never reported to a third party that Plaintiff's SSN was inactive or reported any other deceased notation") *with* ChexSystems' Interrog. Resp. No. 9, ECF 27-2 ("Identify which creditors you reported Plaintiff as Deceased to." "RESPONSE: . . . ChexSystems identifies Goldman Sachs Bank USA."). This necessarily also creates a material dispute of fact as to whether Kulb was injured by denial of his application for an Apple Card because of an inaccurate report. In addition, Kulb claims damages for wasted time and emotional distress.

There is also is a material factual dispute as to whether ChexSystems' procedures were reasonable. ChexSystems contends its procedures are per se reasonable because it relies on information from official government records. Although it is certainly reasonable to presume the accuracy of official government records, such reliance by a CRA does not by itself guarantee that *its* records are accurate, because matching facially accurate data to the wrong consumer necessarily creates an inaccuracy. And as Plaintiff cogently observes, the Social Security Administration itself cautions against proceeding based on its records alone in the absence of independent verification. National Technical Information Service Advisory, ECF 27-5. Moreover, internal discrepancies within an agency's records as to personally identifying information can support a duty to investigate. *Cortez*, 617 F.3d at 710; Consumer Financial Protection Bureau Advisory Opinion, December 3, 2020, ECF 27-4.

Defendant maintains that any inaccuracy was a product of the Plaintiff's mistake. Even assuming that as true, data entry errors are entirely foreseeable, and the record does not clarify whether ChexSystems had reasonable procedures in place to avoid inputting incorrect data – for example, requiring report requesters to input a social security number twice to catch typos. Given these ambiguities, summary judgment is not appropriate.

Last, the Court requires a better understanding of ChexSystems' procedures to determine whether it acted willfully. To prevail on this issue at summary judgment, an FCRA defendant must "demonstrate that no reasonable juror would find its reading of its statutory obligations to be 'objectively unreasonable,' such that it raises an unjustifiably high risk of violating the statute." *Norman v. Trans Union, LLC*, 669 F.Supp.3d 351, 385-86 (E.D. Pa. 2023) (McHugh, J.) ("*Norman II*"), *appeal dismissed*, No. 23-8021, 2024 WL 1793554 (3d Cir. Jan. 10, 2024) (citing *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 68-70 (2007); *Fuges v. Sw. Fin. Servs., Ltd.*, 707 F.3d 241, 248-49, 251 (3d Cir. 2012)). Because the record does not make clear the full extent of ChexSystems' procedures, it is impossible at this stage to determine whether its procedures were "objectively unreasonable" and created a high risk of violating the FCRA.

### B. Section 1681i.

Kulb also claims that ChexSystems failed to comply with its Section 1681i duty to reinvestigate after a consumer dispute, alleging that it failed to investigate adequately why he was listed as deceased.

When a consumer contacts a CRA to dispute the accuracy of a credit report, the FCRA mandates that the CRA "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information or delete the item from the file." 15 U.S.C. § 1681i(a)(1)(A). At the reinvestigation stage, CRAs face a higher

duty to investigate than they do under § 1681e. *Norman v. Trans Union LLC*, 479 F.Supp.3d 98, 119-20 (E.D. Pa. 2020) (McHugh, J.), *leave to appeal denied*, 2020 WL 6393900 (3d Cir. Sept. 15, 2020) ("*Norman I*"). Critically, "[t]he burden of reinvestigation [] lies with the agency." *Id*. at 120.

ChexSystems asserts that it is entitled to summary judgment on Kulb's Section 1681i claim because: ChexSystems reported nothing inaccurate to a third party; Kulb was not injured; its investigation was reasonable; and it did not act willfully.

As detailed above, there is a factual dispute as to whether inaccurate information was reported to Goldman Sachs. Regardless, disclosure to a third party is not a required element of this claim. Section 1681i establishes a duty to reinvestigate disputed information in "a consumer's file." 15 U.S.C. § 1681i(a)(1)(A). The FCRA defines consumer file as "all of the information on that consumer recorded and retained by a consumer reporting agency regardless of how the information is stored." *Id.* § 1681a(g). Essentially, the consumer file is a CRA's internal records on a consumer, while a consumer report is what a CRA discloses externally in response to an inquiry. *See id.* § 1681a(d)(1) (defining consumer report). Thus, the "plain language of the FCRA contains no requirement that the disputed information be published to a third party in order for a consumer to recover actual damages under § 1681i(a)." *Collins v. Experian Info. Sols., Inc.*, 775 F.3d 1330, 1335 (11th Cir. 2015). I am aware that some district courts have ruled otherwise, but do not find their reasoning persuasive.

Further, even though there is a factual dispute as to whether Kulb was injured by disclosure to a third party, a § 1681i plaintiff may demonstrate injury without disclosure. *See Norman II,* 669 F.Supp.3d at 371-73 (inaccuracies that impact credit scores, as well as the time and expense associated with filing certain disputes, can be concrete injuries).

ChexSystems also claims that its dispute investigation was reasonable. A "reasonable reinvestigation must mean more than simply including public documents in a consumer report or making only a cursory investigation into the reliability of information that is reported to potential creditors." *Cortez*, 617 F.3d at 713 (citing *Cushman v. Trans Union Corp.*, 115 F.3d 220, 225 (3d Cir. 1997)).

Here, a reasonable jury could conclude that ChexSystems did not meet its FCRA duty to reinvestigate. After receiving his consumer file in January 2021, Mr. Kulb contacted ChexSystems to dispute the part of his file indicating that he was deceased, which triggered ChexSystems' Section 1681i duty to reinvestigate. Cables Decl. ¶ 18. In discovery, ChexSystems produced a spreadsheet listing all inquiries into Mr. Kulb's account and the social security numbers associated with each inquiry. Cables Decl. Ex. A, ECF 21-7. If accurate, these records indicate that Mr. Kulb's consumer file disclosure listed him as deceased in January 2021 – and no other times – because the wrong social security number was entered. *Id*. Yet, when investigating Mr. Kulb's file dispute, it appears that ChexSystems failed to review these internal records to identify the source of the issue. Instead, it put the burden on Mr. Kulb, requiring him to contact the Social Security Administration, obtain evidence that his social security number was active, and then fax that to ChexSystems. Cables Decl. ¶ 19; Def. Mot. Summ. J. ¶¶ 36-37, ECF 21. Because a reasonable jury could find this reinvestigation to be inadequate, summary judgment must be denied.

Finally, as with Section 1681e, on the record as it stands the Court does not have a sufficient understanding of ChexSystems' reinvestigation process to rule out the possibility that a reasonable jury could find its actions willful.

## IV. Conclusion

For the reasons set forth above, Defendant's Motion for Summary Judgment will be denied. An appropriate order follows.

 /s/ Gerald Austin McHugh  
United States District Judge
